```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Dianne Dunfey**

    **v.**                                        Case No. 07-cv-140-PB
                                                Opinion No. 2008 DNH 087
**Seabrook School District
and Stanley Shupe**


## MEMORANDUM AND ORDER

Dianne Dunfey, a teacher at the Seabrook Middle School, alleges that Seabrook School District and Seabrook Middle School Principal, Stanley Shupe, violated her First Amendment right to freedom of speech by retaliating against her for her refusal to stand and recite the pledge of allegiance during her homeroom class.  Defendants have moved for summary judgment, arguing that because Dunfey exhausted neither the grievance procedures of her collective bargaining agreement nor those of the relevant state agency before seeking relief in federal court, her claims are barred.  For the reasons described below, I deny defendants' motion.

## I. BACKGROUND

Seabrook School District has a policy of setting aside time at the beginning of each school day to recite the pledge of allegiance. Dianne Dunfey, who has taught at the Seabrook Middle School since 1986, remains seated during the pledge and refuses to participate in its recitation.

Stanley Shupe became the principal of the middle school in September 2003. Dunfey alleges that Shupe expressed his displeasure with her non-participation in the pledge early in his tenure. She further alleges that, starting in September 2004 and continuing through December 2007, Shupe and the school district engaged in numerous acts of retaliation against her for refusing to participate in the pledge.

Between September 2004 and June 2007, Dunfey filed four grievances that related to some of these acts of alleged retaliation, but did not raise her First Amendment claims and did not exhaust her appeals under the grievance process outlined by the collective bargaining agreement ("CBA"), which governs her employment relationship. There is no evidence that Dunfey filed any complaints with the New Hampshire Public Employee Labor Relations Board ("PELRB").

On May 10, 2007, Dunfey filed suit under 42 U.S.C. § 1983, alleging that defendants violated her First Amendment right to freedom of speech by retaliating against her for her refusal to participate in the pledge of allegiance.

## II.  **STANDARD OF REVIEW**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A party seeking summary judgment must first identify the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has properly supported her motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which she has the burden of proof, to demonstrate that a trier of fact reasonably could find in her favor.  DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997); see Celotex, 477 U.S. at 323.

### III. ANALYSIS

Defendants argue that they are entitled to summary judgment because Dunfey did not raise her First Amendment claims in a grievance pursuant to the CBA before initiating this lawsuit, or, alternatively, because Dunfey did not assert her claims to the PELRB before initiating this lawsuit.  I address each argument in turn.

### A. Whether Dunfey Must Assert Her First Amendment Claims in a CBA Grievance

Defendants rely on Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965), and its progeny for the broad proposition that an employee must exhaust the grievance procedures specified in a collective bargaining agreement before resorting to the courts.  This argument overstates the breadth of Republic Steel's holding, which applies only to "contract grievances" in which the employer and union have agreed upon a "contract grievance procedure . . . as the mode of redress."  Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965).

Importantly, a separate line of cases holds that where an employee is invoking rights that are "independent of the collective-bargaining process" and that "devolve on [plaintiffs]

-4-

as individual workers, not as members of a collective organization," the mere existence of a collective bargaining agreement does not waive those separate statutory rights. Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 745 (1981); see also Alexander v. Gardner-Denver Co., 415 U.S. 36, 49-50 (1974).

Subsequent Supreme Court jurisprudence has somewhat weakened the Barrentine/Gardner-Denver line of cases, see Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23 (1991) (holding that age discrimination claims may be subjected to compulsory arbitration pursuant to an arbitration agreement in a securities registration application), and raised the question of whether the language of a CBA may, in some circumstances, validly waive an employee's right to seek judicial redress for the violation of an independent statutory right. O'Brien v. Town of Agawam, 350 F.3d 279, 286 n. 14 (1st Cir. 2003) (noting this uncertainty). To reach the question of whether such a waiver of the right to sue is enforceable, however, a court must find that the waiver exists in the first place. Id. at 286. Here, the CBA does not contain such a waiver.

Under Wright v. Universal Maritime Service Corp., 525 U.S. 70 (1998), a union-negotiated waiver of employees' statutory rights to a judicial forum must be "clear and unmistakable" from the language of the contract.  See Wright v. Universal Mar. Serv. Corp., 525 U.S. 70, 80 (1998) (requiring a "clear and unmistakable" waiver of employees' right to seek judicial redress of employment discrimination claims); O'Brien, 350 F.3d at 285 (requiring a "clear and unmistakable" waiver of employees' right to seek judicial redress of Fair Labor Standards Act claims).

In this case, the CBA contains no clear and unmistakable waiver of employees' statutory rights to bring § 1983 actions for violations of their individual constitutional rights.  See Wright, 525 U.S. at 80; O'Brien, 350 F.3d at 285.  First, the CBA defines "grievance" as a complaint "that there has been to him/her a personal loss, injury, or inconvenience *because of a violation, misinterpretation or inequitable application of any of the provisions of the Agreement governing employees*."  (CBA at 3 (emphasis added).)  The most plausible construction of this definition is that a grievance may only be used to redress harms arising from violations of the contract, not violations of extrinsic statutes or constitutional provisions.  Second, nothing

-6-

in the substantive provisions of the CBA makes any express reference to or purports to incorporate the provisions of § 1983 or the U.S. Constitution.  (CBA at 6-21.)  Thus, the CBA does not contain a clear and unmistakable waiver of employees' rights to bring § 1983 actions alleging constitutional violations.  See O'Brien, 350 F.3d at 285-86 (holding that where "grievances" are defined as allegations that the town violated the CBA, and the CBA makes no references to arbitration of statutory claims, there is not a clear and unmistakable waiver of a judicial forum for such claims.)  Accordingly, Dunfey did not need to raise her § 1983 claims in a grievance pursuant to the CBA before filing this suit.

## B.   Whether Dunfey Must Assert Her First Amendment Claims to the PELRB

In the alternative, defendants rely exclusively on state law to argue that Dunfey must seek administrative relief from the PELRB before filing suit in federal court.  As a general rule, however, plaintiffs need not exhaust their state administrative remedies before filing a § 1983 suit in federal court.  Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982); Borges Colon v. Roman-Abreu, 438 F.3d 1, 19 (1st Cir. 2006).  Congress has carved out

an exception from this general rule for certain suits by prison inmates.  See Porter v. Nussle, 534 U.S. 516, 524 (2002).  That exception does not apply to Dunfey, who is a teacher.  Because this case is not covered by any exception to the general rule that a § 1983 plaintiff need not exhaust administrative remedies before filing suit in this court, Dunfey's claim is not barred simply because she failed to present her First Amendment claim to the PELRB.

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (Doc. No. 11) is denied.

SO ORDERED.

Paul Barbadoro
United States District Judge

April 24, 2008

cc:  Debra Weiss Ford, Esq.
     H. Jonathan Meyer, Esq.